UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KAREN SLATER, individually and on behalf of the ESTATE OF BEVERLY JEAN MAUCK, a deceased person, ALLEN MAUCK and PAMELA MAUCK, individually, and RYAN REHBERG, PERSONAL REPRESENTATIVE on behalf of the ESTATE OF BRIAN MAUCK, a deceased person.<br><br>Plaintiff,<br><br>v.<br><br>HAROLD W. CLARKE, KEVIN BURKE, individually, RICHARD RANGE, individually, WILLIAM LOCHRIE, individually, ERIN DONNELLY, individually, and JOHN DOES 1-10,<br><br>Defendants. | No. 3:10-cv-05822-RBL<br><br>ORDER ON DEFENDANTS' ABSOLUTE IMMUNITY MOTIONS TO DISMISS.<br>[Dkt. #s 28, 29] |

THIS MATTER comes before the Court on Defendants Burke, Donnelly, Lochrie, and Range's Absolute Immunity Motions to Dismiss. [Dkts. #28, 29].

The background of this case is well known to the parties and was outlined extensively in the Court's Order on Personal Jurisdiction over the parties.

Defendants argue that they are entitled to absolute immunity to the extent that they are alleged to have participated in the discretionary, prosecutorial decision not to extradite Tavares from Washington. [Dkt. #28, p. 20; Dkt. #29, p. 23-26]. Defendants contend that the Worcester

ORDER - 1

DA's decision not to authorize Tavares' extradition on two outstanding warrants was intimately associated with the act of prosecution in Massachusetts. [Dkt. No. 29, p. 25-26].

Plaintiffs argue that the Defendants are not entitled to absolute immunity because their actions were not integrally tied to the judicial process. Plaintiffs contend that Defendants' decision to leave Tavares in Washington was not pursuant to prosecution in Massachusetts and was not made "under the watchful eye of a judge." [Dkt. #45, p. 36-39, quoting *Dababna v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000)].

**I. Absolute Immunity Standard**

Public officials are entitled to absolute immunity when they undertake prosecutorial actions "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Whether an official is entitled to absolute immunity depends on the "nature of the function performed, not the identity of the actor who performed it." *Waggy v. Spokane County Washington*, 594 F.3d 707, 710 (9th Cir. 2010); *see also*, *Butz v. Economou*, 438 U.S. 478, 575 (1978). Absolute immunity applies to §§1983 and 1985 claims when plaintiff alleges violation of the Civil Rights Act by prosecutorial function. *See*, *e.g.*, *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995); *Snelling v. Westhoff*, 972 F.2d 199 (8th Cir. 1992); *Agnew v. Moody*, 330 F.2d 868 (9th Cir. 1964).

Public officials are not entitled to absolute immunity for investigatory or administrative actions, when they are essentially functioning as police officers or detectives. *Buckley*, 509 U.S. at 272-73; *see also Imbler*, 424 U.S. at 430. The Ninth Circuit determines the function of an act by looking at its goal and purpose. *See Al-Kidd v. Ashcroft*, 580 F.3d 949 (9th Cir. 2009), *cert. granted in part*, 131 S.Ct. 415 (2010).

ORDER - 2

The official seeking absolute immunity bears the burden of showing such immunity is justified for the function in question. *Burns v. Reed*, 500 U.S. 478, 486-87 (1991). The presumption is qualified immunity, rather than absolute immunity applies, because the Supreme Court's recognition of absolute immunity has been "quite sparing." *Odd v. Malone*, 538 F.3d 202, 207-08 (3d Cir. 2008) (quoting *Burns*, 500 U.S. at 486-87). Absolute immunity is given "only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct." *Imbler*, 424 US. at 431 n.33, *Burns*, 500 U.S. at 494. "[I]f the application of the principle is unclear, the defendant simply loses." *See Buckley v. Fitzsimmons*, 509 U.S. 259, 281 (1993) (Scalia, J., concurring).

Common law immunity is a necessary, but not sufficient, condition for the recognition of absolute immunity in the Ninth Circuit. *Buckley*, 509 U.S. at 269 (quoting *Tower v. Glover*, 467 U.S. 914, 920 (1984)); *see also Al-Kidd*, 580 F.3d at 959. At common law, prosecutors' absolute immunity was limited to malicious prosecution and defamation claims. *Imbler*, 424 U.S. at 441(White, J., concurring).

There is a public policy presumption against absolute immunity for public officials. *Odd v. Malone*, 538 F.3d 202, 216-17 (3d Cir. 2008). Officials seeking absolute immunity must show "overriding considerations of public policy" in their favor. *Auriemma v. Montgomery*, 860 F.2d 273, 275 (7th Cir. 1988). Holding officials liable for their non-prosecution actions will not hinder them in initiating a prosecution or in presenting the State's case. *See Imbler*, 424 U.S. at 424-28.

**II. Discussion**

Defendants' right to absolute immunity hinges on the nature of the function they performed, not their official titles. *Waggy*, 594 F.3d at 710; *see also*, *Butz*, 438 U.S. at 575. ADA Donnelly is not entitled to absolute immunity simply because of her title as prosecutor, rather it

ORDER - 3

depends on the function of her actions. Defendants' questions for Washington were investigatory and related to national security (including protecting Governor Romney and investigating Tavares' white supremacist ties). Defendants asked Washington authorities questions relating only to Tavares' activities in Washington—whether he was involved in any criminal activity, and how long he planned to remain in Washington.

When the Defendants' sought and relied on Washington authorities, they were not acting in furtherance of Tavares' prosecution. Indeed, Massachusetts had already charged Tavares with assaulting prison staff, and had already procured warrants for his arrest when the Defendants chose not to extradite Tavares from Washington. The Defendants' actions were not "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-270 (1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). The Defendants' investigation and decision were not part of judicial proceedings, such as returning an indictment against a suspect they already had probable cause to arrest. Defendants' immediate purpose in telling Washington not to arrest Tavares was to leave him in Washington and keep a dangerous criminal out of Massachusetts. Indeed, Tavares was never prosecuted in Massachusetts on his two assault charges.

Defendants have not shown immunity at common law for their investigative actions in Washington. Nor have the Defendants shown "overriding considerations of public policy" in their favor. *Auriemma*, 860 F.2d at 275. Defendants were choosing whether to prosecute Tavares for assault or acting as advocates for the State of Massachusetts. The Defendants' goal at the time of their contacts with Washington was to investigate Tavares. It was not a matter of prosecution.

### III. Conclusion

The application of absolute immunity to Defendants' conduct in this context is, at best, unclear under the relevant case law. When the application of absolute immunity is unclear, it will not be granted. *Buckley*, 509 U.S. at 281 (Scalia, J., concurring). Defendants are not entitled to absolute immunity. The Defendants Motions to Dismiss on the basis of Absolute Immunity are DENIED. [Dkt. #s 28, 29].

**IT IS SO ORDERED.**

Dated this 25th day of July, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE